08cv5114
JUDGE KOCORAS
MAGISTRATE JUDGE COLE

MHN

# EXHIBIT

# A
## (part 1)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

HARDY STAMPLEY, as Special )
Administrator of the Estate of LINNIE STAMPLEY, )
Deceased, )                      No. *2008 L 006204*
                                        )
            Plaintiff, )
                                        )
        vs. )
                                        )
TUNJI, LADIPO, M.D., Individually and as an agent )
of Roseland Community Hospital, DANTE )
PIMENTEL, M.D.,  Individually and as an agent of )
Roseland Community Hospital, A. JACKSON, M.D., )         **JURY DEMAND**
Individually and as an agent of Roseland Community )
Hospital, HOUSE OFFICER DR. WILSON, )
Individually and as an agent of Roseland )
Community Hospital, ROSELAND COMMUNITY )
HOSPITAL, MEDICAL EMERGENCY CARE )
ASSOCIATES as the Employer of the emergency room )
physicians at Roseland Community Hospital, )
L. MITCHELL, M.D., Individually and in his capacity )
as a member of Board of Directors at Roseland )
Community Hospital, and in his capacity as the Medical )
Director Of Roseland Community Hospital Emergency )
Room Department, THE BOARD OF DIRECTORS )
OF ROSELAND COMMUNITY HOSPITAL, )
Including BISHOP EMERY LINDSAY, )
In his capacity as a member of Board of Directors at )
Roseland Community Hospital, DIAN POWELL, )
In her capacity as a member of Board of Directors at )
Roseland Community Hospital, EARMON IRONS, )
In his capacity as a member of Board of Directors at )
Roseland Community Hospital, SALIM AL )
NURRIDIN, In his capacity as a member of Board of )
Directors at Roseland Community Hospital, SHIRLEY )
PICKETT, In her capacity as a member of Board of )
Directors at Roseland Community Hospital, )
JAI D. ARYA, M.D., In his capacity as a member of )
Board of Directors at Roseland Community Hospital, )
WILLIAM JOHNSON, M.D., and in his capacity as a )
member of Board of Directors at Roseland Community )
Hospital, RAKESH SALGIA, M.D., In his capacity as )
a member of Board of Directors at Roseland )
Community Hospital, CRAIG WASHINGTON, Ed. D., )

In his capacity as a member of Board of Directors at )
Roseland Community Hospital, ALMEDA DUNN, )
and in her capacity as a member of Board of Directors )
at Roseland Community Hospital, CATHERINE )
NICHOLS, ESQ., In her capacity as a member of )
Board of Directors at Roseland Community Hospital, )
GENIVEE CHAPMAN, CPA, In her capacity )
as a member of Board of Directors at Roseland )
Community Hospital, UNIVERSITY OF CHICAGO )
HOSPITAL, as Employer of the emergency room )
physicians at University of Chicago Hospital, )
EARL FREDRICK, JR., MD., D. STYALL, R.N., )
Individually and as an agent of Roseland Community )
Hospital, O. ADELEYE, R.N., Individually and as an )
agent of Roseland Community Hospital, A. EVANS, )
R.N., Individually and as an agent of Roseland )
Community Hospital, and CONNIE DIZON, R.N., )
Individually and as an agent of Roseland Community )
Hospital, and THEODORE JAMES, M.D., Individually )
and as an agent of Access Community Health at Blue )
Island Medical Center. )
)
Defendants. )

## COMPLAINT AT LAW

### COUNT I
### WRONGFUL DEATH / NEGLIGENCE – TUNJI LADIPO, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the

Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent,

LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent,

LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN &

ASSOCIATES, and complaining of the Defendant, TUNJI LADIPO, M.D., alleges the

following:

1.      That Hardy Stampley was appointed Special Administrator of the Estate of the

Decedent, Linnie Stampley, on June 6, 2008.

2

2.      That on or about June 11 and June 12, 2006, the Decedent, LINNE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

3.      That on or about June 11 and June 12, 2006 the Decedent, LINNIE STAMPLEY, possessed no medical or professional medical knowledge, nor did she possess the facilities to care, mend, cure, or treat herself.

4.      That at all relevant times herein, the Decedent, LINNIE STAMPLEY, was in the exercise of ordinary care and caution for her own safety and was not comparatively or contributorily negligent.

5.      That at all relevant times herein, Defendant TUNJI LADIPO, M.D., was a duly licensed and practicing physician in the city of Chicago, Illinois, County of Cook, and State of Illinois, engaged in and holding himself out as being trained and skilled in the medical profession.

6.      That at all relevant times herein, the Defendant, TUNJI LADIPO, M.D., was a duly licensed and practicing physician that was held to the standard of care of a Board Certified physician, and, upon information and belief, he was not Board Certified.

7.      That at all relevant times herein, the Defendant, TUNJI LADIPO, M.D., in his professional capacity and for a pecuniary consideration, cared for, attended, and treated the Decedent, LINNIE STAMPLEY.

8.      That at all relevant times herein, the Defendant, TUNJI LADIPO, M.D. had a duty to the Decedent, LINNIE STAMPLEY, to possess and exercise that degree of skill and care that ordinarily a well-qualified Board Certified physician would possess and

3

exercise under similar circumstances, under which the aforementioned treatment was rendered.

9.  That at all relevant times herein, notwithstanding that duty, the Defendant, TUNJI LADIPO, M.D., failed to possess the requisite skill and/or exercise the requisite care and/or treatment during the course of treating the Decedent, LINNIE STAMPLEY, that an ordinarily well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

10.  That after assuming the duty to care for and/or treat the Decedent, LINNIE STAMPLEY, the Defendant, TUNJI LADIPO, M.D., was then guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

    a.  Carelessly and negligently failed to care for the Decedent in a manner suitable with his profession, specialty and subspecialty, if any;

    b.  Carelessly and negligently failed to properly assess the condition of the Decedent upon her arrival at the Roseland Community hospital emergency department;

    c.  Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, certain medical tests, evaluations, interpretations of tests, and a timely transfer;

    d.  Carelessly and negligently failed to consider and/or establish a proper differential diagnosis for a hypertensive patient when the patient presented with chest pain;

e.  Carelessly and negligently failed to consider and/or establish a Dissecting Aneurysm, when the patient had pain in different vascular territories, unremarkable EKG's, and negative cardiac enzymes;

f.  Carelessly and negligently failed to undertake the appropriate diagnostic steps to detect a Dissecting Aortic Aneurysm;

g.  Carelessly and negligently failed to review the results and/or independently review the portable chest x-ray which indicated a tortuous aorta, which, in and of itself, could indicate an aneurysm;

h.  Carelessly and negligently failed to timely detect, diagnose and/or treat the Dissecting Aortic Aneurysm;

i.  Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care to the Decedent;

j.  Carelessly and negligently failed to monitor the Decedent's medical condition including, but not limited to, multiple hypotensive episodes and the progression of the Dissecting Aortic Aneurysm;

k.  Carelessly and negligently failed to timely, appropriately and/or reasonably respond to Decedent's deteriorating medical condition;

l.  Carelessly and negligently failed to follow the standard of care;

m.  Carelessly and negligently failed to timely report the deteriorating condition of the Decedent to the appropriate physicians.

n.  Carelessly and negligently failed to report problems in the chain of command;

o.   Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage.

p.   Carelessly and negligently failed to call a specialist in to the emergency department to consult and to diagnose;

q.   Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY;

11.   That as a direct and proximate result of one or more of Defendant's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

12.   That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

13.   That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

14.   That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

15. That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B-M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, TUNJI LADIPO, M.D. in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT II**
**SURVIVAL/NEGLIGENCE – TUNJI LADIPO, M.D.**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, TUNJI LADIPO, M.D., allege the following:

1-15. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 15 of Count I of this Complaint at Law as paragraphs 1 through 15 of this Count II.

16. That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death, and the Plaintiff, HARDY STAMPLEY, as Special Administrator of the Estate of LINNIE STAMPLEY, the Decedent, brings this action as legal representative of the Decedent's estate.

17.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, TUNJI LADIPO, M.D., in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT III**
**FAMILY EXPENSE ACT – TUNJI LADIPO, M.D.**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, TUNJI LADIPO, M.D., allege the following:

1-15. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 15 of Count I of this Complaint at Law as paragraphs 1 through 15 of this Count III.

16.     That on or after June 12, 2006, the Plaintiff, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, TUNJI LADIPO, M.D., became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

17.     That the Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

18.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE the Plaintiffs pray for judgment against the Defendant, TUNJI LADIPO, M.D. for medical, drug, incidental, funeral expenses, and general damages according to proof and such relief as this Court deems proper.

**COUNT IV**
**LOSS OF CONSORTIUM— TUNJI LADIPO, M.D.**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, TUNJI LADIPO, M.D., allege the following:

1-15. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 15 of Count I of this Complaint at Law as paragraphs 1 through 15 of this Count III.

16.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

17.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, TUNJI LADIPO, M.D in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

**COUNT V**
**WRONGFUL DEATH/NEGLIGENCE – DANTE PIMENTEL, M.D.**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, DANTE PIMENTEL, M.D., allege the following:

1.      That on or about June 11 and June 12, 2006, the Decedent, LINNE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

2.      That on or about June 11 and June 12, 2006 the Decedent, LINNIE STAMPLEY, possessed no medical or professional medical knowledge, nor did she possess the facilities to care, mend, cure, or treat herself.

3.      That at all relevant times herein, the Decedent, LINNIE STAMPLEY, was in the exercise of ordinary care and caution for her own safety and was not comparatively or contributorily negligent.

4.      That at all relevant times herein, Defendant DANTE PIMENTEL, M.D., was a duly licensed and practicing physician in the city of Chicago, Illinois, County of Cook,

and State of Illinois, engaged in and holding himself out as being trained and skilled in the medical profession.

5.     That at all relevant times herein, Defendant, DANTE PIMENTEL, M.D. was a duly licensed and practicing physician that was held to the standard of care of a Board Certified physician, and, upon information and belief, was not Board Certified.

5.     That at all relevant times herein, the Defendant, DANTE PIMENTEL, M.D., in his professional capacity and for a pecuniary consideration, cared for, attended, and treated the Decedent, LINNIE STAMPLEY.

6.     That at all relevant times herein, the Defendant, DANTE PIMENTEL, M.D. had a duty to the Decedent, LINNIE STAMPLEY, to possess and exercise that degree of skill and care that ordinarily a well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

7.     That at all relevant times herein, notwithstanding that duty, the Defendant, DANTE PIMENTEL, M.D., failed to possess the requisite skill and/or exercise the requisite care and/or treatment during the course of treating the Decedent, LINNIE STAMPLEY, that a ordinarily well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

8.     That after assuming the duty to care for and/or treat the Decedent, LINNIE STAMPLEY, the Defendant, DANTE PIMENTEL, M.D., was then guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

11

a. Carelessly and negligently failed to care for the Decedent in a manner suitable with his profession, specialty, and subspecialty, if any;

b. Carelessly and negligently failed to properly assess the condition of the Decedent;

c. Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, certain medical tests, evaluations, and interpretations of tests;

d. Carelessly and negligently failed to consider and/or establish a proper differential diagnosis for a hypertensive patient when the patient presented with chest pain;

e. Carelessly and negligently failed to consider and/or establish a Dissecting Aneurysm when the patient had pain in different vascular territories, unremarkable EKG's, and negative cardiac enzymes;

f. Carelessly and negligently failed to undertake the appropriate Diagnostic tests to detect a Dissecting Aortic Aneurysm in a timely fashion;

g. Carelessly and negligently failed to properly intervene to impact upon the progression of the Dissecting Aneurysm;

h. Carelessly and negligently failed to monitor the Decedent's medical condition including, but not limited to, multiple hypotensive episodes and the progression of the Dissecting Aortic Aneurysm;

i. Carelessly and negligently failed to timely, appropriately and/or reasonably respond to Decedent's deteriorating medical condition;

j. Carelessly and negligently failed to follow the standard of care;

k. Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care and treatment to the Decedent;

12

l.   Carelessly and negligently failed to timely report the deteriorating condition of the Decedent to the appropriate physicians;

m.   Carelessly and negligently failed to report problems in the chain of command;

n.   Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage;

o.   Carelessly and negligently failed to properly attend to the patient by coming to the hospital on an urgent basis;

p.   Carelessly and negligently failed to properly get informed consent from the patient for an immediate transfer after explaining the condition of ill being from which the patient was suffering;

q.   Carelessly and negligently failed to call a specialist in to the emergency department to consult and to diagnose;

r.   Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

9.   That as a direct and proximate result of one or more of Defendant's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

10.  That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

11.     That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

12.     That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

13.     That on June 6, 2008, pursuant to Order of the Circuit Court of Cook Count, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

14.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, DANTE PIMENTEL, M.D. in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.


## COUNT VI
### SURVIVAL/NEGLIGENCE – DANTE PIMENTEL., M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN &

14

ASSOCIATES, and complaining of the Defendant, DANTE PIMENTEL, M.D., alleges the following:

1-14. The Plaintiff hereby re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 14 of Count V of this Complaint at Law as paragraphs 1 through 14 of this Count VI.

15.    That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death, and the Plaintiff, HARDY STAMPLEY, as Special Administrator of the estate of LINNIE STAMPLEY, the Decedent, brings this action as legal representative of Decedent's estate.

16.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, DANTE PIMENTEL, M.D., in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT VII
## FAMILY EXPENSE ACT – DANTE PIMENTEL, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN &

ASSOCIATES, and complaining of the Defendant, DANTE PIMENTEL, M.D., alleges the following:

1-14. The Plaintiff hereby re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 14 of Count V of this Complaint at Law as paragraphs 1 through 14 of this Count VII.

15.     That on or after June 12, 2006, the Plaintiff, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, DANTE PIMENTEL, M.D., became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

16.     That the Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

17.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

        WHEREFORE the Plaintiffs pray for judgment against the Defendant, DANTE PIMENTEL, M.D., for medical, drug, incidental, funeral expenses, and general damages according to proof and such relief as this Court deems proper.


## COUNT VIII
### LOSS OF CONSORTIUM— DANTE PIMENTEL, M.D.

        NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN &

ASSOCIATES, and complaining of the Defendant, DANTE PIMENTEL, M.D., allege the following:

1-14. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 14 of Count V of this Complaint at Law as paragraphs 1 through 14 of this Count VIII.

15. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

16. That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, DANTE PIMENTEL, M.D. in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

## COUNT IX
### WRONGFUL DEATH/NEGLIGENCE – A. JACKSON, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, A. JACKSON, M.D., allege the following:

17

1.     That on or about June 11 and June 12, 2006, the Decedent, LINNE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

2.     That on or about June 11 and June 12, 2006 the Decedent, LINNIE STAMPLEY, possessed no medical or professional medical knowledge, nor did she possess the facilities to care, mend, cure, or treat herself.

3.     That at all times relevant herein, the Decedent, LINNIE STAMPLEY, was in the exercise of ordinary care and caution for her own safety and was not comparatively or contributorily negligent.

4.     That at all times herein, Defendant A. JACKSON, M.D., was a duly licensed and practicing physician in the city of Chicago, Illinois, County of Cook, and State of Illinois, engaged in and holding himself out as being trained and skilled in the medical profession, specialty, and subspecialty, if any.

5.     That at all relevant times herein, the Defendant, A. JACKSON, M.D., was a duly licensed and practicing physician that was held to the standard of care of a Board Certified physician, and, upon information and belief, he was not Board Certified.

6.     That at all relevant times herein, the Defendant, A. JACKSON, M.D., in his professional capacity and for a pecuniary consideration, cared for, attended, and treated the Decedent, LINNIE STAMPLEY.

7.     That at all relevant times herein, the Defendant, A. JACKSON, M.D. had a duty to the Decedent, LINNIE STAMPLEY, to possess and exercise that degree of skill and care that ordinarily a well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

18

8.     That at all relevant times herein, notwithstanding that duty, the Defendant, A. JACKSON, M.D., failed to possess the requisite skill and/or exercise the requisite care and/or treatment during the course of treating the Decedent, LINNIE STAMPLEY, that ordinarily well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

9.     That after assuming the duty to care for and/or treat the Decedent, LINNIE STAMPLEY, the Defendant, A. JACKSON, M.D., was then guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

   a.   Carelessly and negligently failed to care for the Decedent in a manner suitable with his profession.

   b.   Carelessly and negligently failed to properly assess the condition of the Decedent;

   c.   Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, certain medical tests, evaluations, and interpretations of tests;

   d.   Carelessly and negligently failed to perform a Cardio Vascular Evaluation when consulted.

   e.   Carelessly and negligently failed to consider the diagnosis of Dissecting Aortic Aneurysm when confronted with a patient in critical condition who had symptoms highly suggestive of that disease etiology.

   f.   Carelessly and negligently failed to undertake the appropriate Diagnostic tests to detect a Dissecting Aortic Aneurysm in a timely fashion.

   g.   Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care to the Decedent;

   h.   Carelessly and negligently failed to properly intervene to impact upon the

19

progression of the Dissecting Aneurysm.

i. Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage.

j. Carelessly and negligently failed to attend to the patient by coming to the hospital on an urgent basis.

k. Carelessly and negligently failed to monitor the Decedent's medical condition including, but not limited to, multiple hypotensive episodes and the progression of the Dissecting Aortic Aneurysm;

l. Carelessly and negligently failed to timely, appropriately and/or reasonably respond to Decedent's deteriorating medical condition;

m. Carelessly and negligently failed to follow the standard of care;

n. Carelessly and negligently failed to report problems in the chain of command;

o. Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care and treatment to the Decedent;

p. Carelessly and negligently failed to get informed consent from the patient for an immediate transfer after explaining the condition of ill being from which the patient was suffering.

o. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

10. That as a direct and proximate result of one or more of Defendant's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited

to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

11.    That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

12.    That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

13.    That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

14.    That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

15.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, A. JACKSON, M.D. in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT X
### SURVIVAL/NEGLIGENCE – A. JACKSON., M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, A. JACKSON, M.D., alleges the following:

1-15. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 15 of Count IX of this Complaint at Law as paragraphs 1 through 15 of this Count X.

16.    That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death, and the Plaintiff, HARDY STAMPLEY, as Special Administrator of the estate of LINNIE STAMPLEY, the Decedent, brings this action as legal representative of Decedent's estate.

17.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, DANTE PIMENTEL, M.D., in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XI
### FAMILY EXPENSE ACT – A. JACKSON, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, A. JACKSON, M.D., alleges the following:

1-15. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 15 of Count IX of this Complaint at Law as paragraphs 1 through 15 of this Count XI.

16.     That on or after June 12, 2006, the Plaintiff, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, A. JACKSON, M.D., became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

17.     That the Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

18.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE the Plaintiffs pray for judgment against the Defendant, A. JACKSON, M.D.., for medical, drug, incidental, funeral expenses, and general damages according to proof and such relief as this Court deems proper.

<u>COUNT XI</u>
## LOSS OF CONSORTIUM— A. JACKSON, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, A. JACKSON, M.D., allege the following:

1-15. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 15 of Count IX of this Complaint at Law as paragraphs 1 through 15 of this Count XII.

15. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

16. That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, A. JACKSON, M.D. in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

**COUNT XIII**
**WRONGFUL DEATH/NEGLIGENCE – ROSELAND COMMUNITY HOSPITAL**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, ROSELAND COMMUNITY HOSPITAL., allege the following:

1. That on or about June 11 and June 12, 2006, the Decedent, LINNIE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

2. That at all relevant times herein the Defendant, ROSELAND COMMUNITY HOSPITAL, was a hospital duly licensed to treat patients under the laws of the State of Illinois and was engaged in the practice of treating patients in Chicago, Illinois, County of Cook, as well as other counties, and the State of Illinois.

3. That on or about June 11 and June 12, 2006, the Defendant, ROSELAND COMMUNITY HOSPITAL, was a corporation duly engaged as a hospital conducting hospital, medical, nursing and associated healthcare services, and engaged in its staff various physicians, residents, nurses and other healthcare personnel.

4. That at all relevant times herein, ROSELAND COMMUNITY HOSPITAL held itself out and represented that it had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to properly treat the Decedent, LINNIE STAMPLEY.

5.     That at all relevant times herein, Defendant, ROSELAND COMMUNITY HOSPITAL, held itself out and represented that an agency relationship existed between itself and the physicians, nurses, and medical staff that rendered medical services to the Decedent.

6.     That on or about June 11 and June 12, 2006, and at various times prior and subsequent to that date, the Defendant, ROSELAND COMMUNITY HOSPITAL, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, cared for, attended to, and treated the Decedent, LINNIE STAMPLEY.

7.     That on or about June 11 and June 12, 2006, the Defendant, ROSELAND COMMUNITY HOSPITAL, during the course of the emergency room treatment, accepted the Decedent as a patient and agreed to render, by and through its actual and/or apparent agents, employees and/or servants and others, competent and adequate hospital services in condition with an injury from which she was then and there suffering, which required medical treatment, and said Defendant through its various employees, actual or apparent agents, and/or servants and others, undertook to render care, diagnosis, treatment, and services for a pecuniary consideration.

8.     That at all relevant times herein, there was a duty on the part of the Defendant, ROSELAND COMMUNITY HOSPITAL, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, to diagnose and render care and treatment, to the Decedent, LINNIE STAMPLEY, in accordance with the accepted standards of the medical and surgical practice and opinions prevailing in the greater metropolitan Chicago area in 2006, and to exercise that degree of care and caution commonly exercised by the members of its profession in the community.

9.     That while Decedent was undergoing treatment, surgery, and/or examinations, including scans and x-rays, in-patient and/or outpatient, Defendant ROSELAND COMMUNITY HOSPITAL had a duty to provide, by and through its physicians, nurses, agents, apparent agents, servant, and/or employees, hospital and medical services ordinarily provided by similarly licensed and accredited institutions and individuals.

10.     Further, that in providing these services, Defendant ROSELAND COMMUNITY HOSPITAL by and through its employees, agents, apparent agents, and staff, including physicians and nurses had a duty to exercise that degree of care required of similar institutions and individuals duly license in the Chicago metropolitan area under similar circumstances.

11.     That at all relevant times herein, the Defendant, ROSELAND COMMUNITY HOSPITAL, accepted Decedent as a patient and agreed to render competent and adequate care, diagnosis, treatment and services of the Decedent, by and through its agents, apparent agents, servants and/or employees, for a pecuniary consideration.

12.     That at all relevant times herein, the Defendant, ROSELAND COMMUNITY HOSPITAL, accepted Decedent as a patient and agreed to render competent and adequate hospital services in conjunction with her illness, which required medical treatment, and said Defendant, ROSELAND COMMUNITY HOSPITAL, by and through its agents, apparent agents, servants and/or employees, undertook to render such care, diagnosis, treatment and services for a pecuniary consideration.

13.     That at all relevant times, Decedent had entrusted herself completely into the care of the Defendant, ROSELAND COMMUNITY HOSPITAL, and its various employees,

actual or apparent agents, and/or servants, including but not limited to physicians, residents, interns, nurses, and other medically trained personnel.

14.    That at all relevant times, Decedent had relied on the Defendant, ROSELAND COMMUNITY HOSPITAL, and its various employees, actual or apparent agents, and/or servants, including, but not limited to, physicians, residents, interns, nurses and other medically trained personnel, to render the necessary medical care and treatment, and to meet the proper standard of care for said medical care and treatment.

15.    That at all relevant times, there was a duty on the part of Defendant, ROSELAND COMMUNITY HOSPITAL, and its entities, employees, and actual or apparent agents, to render to the Decedent, all hospital, medical care and/or assessments, services and treatment ordinarily provided by those institutions similarly licensed and accredited under like and similar circumstances, and/or the same in accordance with the accepted standards of medical, hospital, and nursing practice and opinion prevailing in the metropolitan Chicago-land area, including, but not limited to, following all policies and procedures and all requirements for licensure and accreditation in Illinois.

16.    That at all relevant times herein, there was a duty on the part of the Defendant, ROSELAND COMMUNITY HOSPITAL, to organize its emergency services under the direction of a qualified member of the medical staff, to integrate the emergency services with other departments of the hospital, and to ensure that the policies and procedures governing medical care in the emergency department were the responsibility of the medical staff. 42 CFR 482.55 (a)(1-3).

17.     That at all relevant times herein, there was a duty on the part of the Defendant, ROSELAND COMMUNITY HOSPITAL, to ensure that the emergency services were supervised by a qualified member of the medical staff. 42 CFR 482.55(b)(1).

18.     That at all relevant times herein, there was a duty on the part of the Defendant, ROSELAND COMMUNITY HOSPTIAL, to ensure that there was adequate medical and nursing personnel qualified in emergency care to meet the written emergency procedures and needs anticipated by the facility. 42 CFR 482.55(b)(2).

19.     That, notwithstanding those duties, Defendant, ROSELAND COMMUNITY HOSPITAL, by and through its physicians, nurses, staff, agents, apparent agents, and/or employees was then and there guilty and committed one or more of the following careless and negligent acts and/or omissions:

   a.   Carelessly and negligently failed to exercise the usual and customary skill required by all hospitals throughout the United States when caring for the Decedent;

   b.   Carelessly and negligently failed to appropriately diagnose, treat, and render the standard level of care and services to the Decedent;

   c.   Carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from which the Decedent was suffering;

   d.   Carelessly and negligently failed to provide a level of health care professionals capable of recognizing the condition of the Decedent;

   e.   Carelessly and negligently failed to ensure that is employees, agents, and/or apparent agents were properly trained in caring for the Decedent;

29

f. Carelessly and negligently failed to instruct its agents, servants, and/or employees concerning the care and treatment of the Decedent.

g. Carelessly and negligently failed to monitor the Decedent and/or to observe her for any progression of her injury;

h. Carelessly and negligently failed to respond to the Decedent's repeated complaints of chest pain and hypotensive episodes;

i. Carelessly and negligently failed to timely report the deteriorating condition of the Decedent to the appropriate physicians;

j. Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, interpretations and evaluations of x-rays and CT scans.

k. Carelessly and negligently failed to consider the diagnosis of Dissecting Aortic Aneurysm when confronted with a patient in a critical condition who had symptoms highly suggestive of that disease etiology.

l. Carelessly and negligently failed to undertake the appropriate Diagnostic tests to detect a Dissecting Aortic Aneurysm in a timely fashion.

m. Carelessly and negligently failed to properly intervene to impact upon the progression of the Dissecting Aneurysm;

n. Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage;

o. Carelessly and negligently failed to get informed consent from the patient for

an immediate transfer after explaining the condition of ill being from which the patient was suffering;

p.  Carelessly and negligently failed to obtain proper imaging studies on June 12, 2006;

q.  Carelessly and negligently failed to accurately define the underlying pathology;

r.  Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care to the Decedent;

s.  Carelessly and negligently failed to promptly transfer the Decedent to a proper facility for prompt intervention;

t.  Carelessly and negligently failed to impact the outcome of the intervention;

u.  Carelessly and negligently failed to timely expedite transfer and response to the patient's condition;

v.  Carelessly and negligently failed to report problems in the chain of command.

w.  Carelessly and negligently failed to ensure that its employees, agents, and/or apparent agents could timely report the deteriorating condition of the Decedent to the appropriate physicians/surgeons;

x.  Carelessly and negligently failed to take heed of the patient's complaints and/or test results;

y.  Carelessly and negligently failed to respond in a timely and appropriate fashion;

z.  Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the transfer of patients;

31

aa. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the reviewing of x-rays by emergency room physicians;

bb. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

20.    That as a direct and proximate result of one or more of Defendant, ROSELAND COMMUNITY HOSPITAL's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

21.    That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

22.    That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

23.    That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

24.    That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

32

25.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, ROSELAND COMMUNITY HOSPITAL in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT XIV**
**SURVIVAL/NEGLIGENCE – ROSELAND COMMUNITY HOSPITAL**

NOW COMES the Plaintiff, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, ROSELAND COMMUNITY HOSPITAL., allege the following:

1-25. The Plaintiffs re-allege and incorporate by reference each and every allegation of paragraphs 1 through 25 of Count XIII of this Complaint at Law as paragraphs 1 through 25 of this Count XIV.

26.    That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death and the Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, brings this action in his capacity as legal representative of the Decedent's estate.

27.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professions (see Exhibits B- M).

33

WHEREFORE, Plaintiffs pray for judgment against the Defendant, ROSELAND COMMUNITY HOSPITAL, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT XV**

**FAMILY EXPENSE ACT – ROSELAND COMMUNITY HOSPITAL**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, ROSELAND COMMUNITY HOSPITAL., alleges the following:

1-25.    The Plaintiff hereby re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 25 of Count XIII of this Complaint at Law as paragraphs 1 through 25 of this Count XV.

26.    That on or after June 11 and June 12, 2006, Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, ROSELAND COMMUNITY HOSPITAL, became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

27.    That Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

28.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, ROSELAND COMMUNITY HOSPITAL, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XVI
### LOSS OF CONSORTIUM— ROSELAND COMMUNITY HOSPITAL

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, ROSELAND COMMUNITY HOSPITAL, allege the following:

1-25. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 25 of Count XIII of this Complaint at Law as paragraphs 1 through 25 of this Count XVI.

25.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

26.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, ROSELAND COMMUNITY HOSPITAL in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

### COUNT XVII
### WRONGFUL DEATH/NEGLIGENCE – MEDICAL EMERGENCY CARE ASSOCIATES

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, allege the following:

1.      That on or about June 11 and June 12, 2006, the Decedent, LINNIE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

2.      That at all relevant times herein the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES was the Emergency Group at Defendant Roseland Community Hospital and the employer of the emergency room physicians, including, but not limited to, Drs. Ladipo, Pimentel, and Jackson.

3.      That at all relevant times herein, the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, was a corporation duly engaged as the employer of the emergency room physicians at Roseland Community Hospital

4.     That at all relevant times herein, MEDICAL EMERGENCY CARE ASSOCIATES held itself out and represented that it had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to employ physicians and staff that had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to properly treat the Decedent, LINNIE STAMPLEY.

5.     That on or about June 11 and June 12, 2006, and at various times prior and subsequent to that date, the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, cared for, attended to, and treated the Decedent, LINNIE STAMPLEY.

6.     That on or about June 11, and June 12, 2006, the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, during the course of the emergency room treatment, accepted the Decedent as a patient and agreed to render, by and through its actual and/or apparent agents, employees and/or servants and others, competent and adequate services in condition with an injury from which she was then and there suffering, which required medical treatment, and said Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, through its various employees, actual or apparent agents, and/or servants and others, undertook to render care, diagnosis, treatment, and services for a pecuniary consideration.

7.     That at all relevant times herein, there was a duty on the part of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, to diagnose and render care and treatment, to the Decedent, LINNIE STAMPLEY, in accordance with the accepted

37

standards of the medical and surgical practice and opinions prevailing in the greater metropolitan Chicago area in 2006, and to exercise that degree of care and caution commonly exercised by the members of its profession in the community.

8.      That while Decedent was undergoing treatment, surgery, and/or examinations, including scans and x-rays, in-patient and/or outpatient, Defendant MEDICAL EMERGENCY CARE ASSOCIATES had a duty to provide, by and through its physicians, nurses, agents, apparent agents, servant, and/or employees, hospital and medical services ordinarily provided by similarly licensed and accredited institutions and individuals.

9.      Further, that in providing these services, Defendant MEDICAL EMERGENCY CARE ASSOCIATES, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, had a duty to exercise that degree of care required of similar institutions and individuals duly licensed in the Chicago metropolitan area under similar circumstances.

10.     That at all relevant times herein, the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, accepted Decedent as a patient and agreed to render competent and adequate care, diagnosis, treatment and services of the Decedent, by and through its agents, apparent agents, servants and/or employees, for a pecuniary consideration.

11.     That at all relevant times herein, the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, accepted Decedent as a patient and agreed to render competent and adequate hospital services in conjunction with her illness, which required medical treatment, and said Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, by and

38

through its agents, apparent agents, servants and/or employees, undertook to render such care, diagnosis, treatment and services for a pecuniary consideration.

12.     That at all relevant times, Decedent had entrusted herself completely into the care of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, and its various employees, actual or apparent agents, and/or servants, including but not limited to physicians, residents, interns, nurses, and other medically trained personnel.

13.     That at all relevant times, there was a duty on the part of Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, and its entities, employees, and actual or apparent agents, to render to the Decedent, all hospital, medical care and/or assessments, services and treatment ordinarily provided by those institutions similarly licensed and accredited under like and similar circumstances, and/or the same in accordance with the accepted standards of medical, hospital, and nursing practice and opinion prevailing in the metropolitan Chicago-land area, including, but not limited to, following all policies and procedures and all requirements for licensure and accreditation in Illinois.

14.     That, notwithstanding those duties, Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, by and through its physicians, nurses, staff, agents, apparent agents, and/or employees was then and there guilty and committed one or more of the following careless and negligent acts and/or omissions:

      a.   Carelessly and negligently failed to exercise the usual and customary skill required by all hospitals throughout the United States when caring for the Decedent;

      b.   Carelessly and negligently failed to appropriately diagnose, treat, and render the standard level of care and services to the Decedent;

39

c. Carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from which the Decedent was suffering;

d. Carelessly and negligently failed to provide a level of health care professionals capable of recognizing the condition of the Decedent;

e. Carelessly and negligently failed to ensure that is employees, agents, and/or apparent agents were properly trained in caring for the Decedent;

f. Carelessly and negligently failed to instruct its agents, servants, and/or employees concerning the care and treatment of the Decedent.

g. Carelessly and negligently failed to monitor the Decedent and/or to observe her for any progression of her injury;

h. Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, interpretations and evaluations of x-rays and CT scans.

i. Carelessly and negligently failed to respond to the Decedent's repeated complaints of chest pain and hypotensive episodes;

j. Carelessly and negligently failed to timely report the deteriorating condition of the Decedent to the appropriate physicians;

k. Carelessly and negligently failed to consider the diagnosis of Dissecting Aortic Aneurysm when confronted with a patient in a critical condition who had symptoms highly suggestive of that disease etiology.

l. Carelessly and negligently failed to undertake the appropriate Diagnostic tests to detect a Dissecting Aortic Aneurysm in a timely fashion.

m. Carelessly and negligently failed to properly intervene to impact upon the

progression of the Dissecting Aneurysm;

n.   Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage;

o.   Carelessly and negligently failed to get informed consent from the patient for an immediate transfer after explaining the condition of ill being from which the patient was suffering;

p.   Carelessly and negligently failed to obtain proper imaging studies on June 12, 2006;

q.   Carelessly and negligently failed to accurately define the underlying pathology;

r.   Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care to the Decedent;

s.   Carelessly and negligently failed to promptly transfer the Decedent to a proper facility for prompt intervention;

t.   Carelessly and negligently failed to impact the outcome of the intervention;

u.   Carelessly and negligently failed to timely expedite transfer and response to the patient's condition;

v.   Carelessly and negligently failed to report problems in the chain of command.

w.   Carelessly and negligently failed to ensure that its employees, agents, and/or apparent agents could timely report the deteriorating condition of the Decedent to the appropriate physicians/surgeons;

41

    x.   Carelessly and negligently failed to take heed of the patient's complaints and/or test results;

    y.   Carelessly and negligently failed to respond in a timely and appropriate fashion;

    z.   Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the transfer of patients;

    aa. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the reviewing of x-rays by emergency room physicians;

    bb. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

15.    That as a direct and proximate result of one or more of Defendant, MEDICAL EMERGENCY CARE ASSOCIATES's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

16.    That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

17.    That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

18.     That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

19.     That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

20.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XVIII
### SURVIVAL/NEGLIGENCE – MEDICAL EMERGENCY CARE ASSOCIATES

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, alleges the following:

1-20. The Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 20 of Count XVII of this Complaint at Law as paragraphs 1 through 20 of this Count XVIII.

43

21.     That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death and the Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, brings this action in his capacity as legal representative of the Decedent's estate.

22.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

        WHEREFORE, Plaintiffs pray for judgment against the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.


### COUNT XIX
### FAMILY EXPENSE ACT – MEDICAL EMERGENCY CARE ASSOCIATES

        NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, allege the following:

1-20.   The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 20 of Count XVII of this Complaint at Law as paragraphs 1 through 20 of this Count XIX.

44